JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Rickey Lewis, brings this appeal challenging the court's acceptance of his guilty plea. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On March 21, 2007, appellant was indicted in two separate cases, which are consolidated in this appeal. In Case No. CR-490222, appellant was charged with one count of drug abuse, in violation of R.C. 2929.11. In Case No. CR-493779, appellant was charged with one count of having a weapon while under a disability, in violation of R.C. 2923.13; one count of carrying a concealed weapon, in violation of R.C. 2923.12; and one count of drug abuse, in violation of R.C. 2925.11.
 {¶ 3} On May 1, 2007, appellant appeared before the trial court to change his previously entered not guilty pleas. During the plea hearing, the court and appellant had the following exchange:
 {¶ 4} "Court: Are you under the influence of alcohol, medication, or drugs today, Mr. Lewis?
 {¶ 5} "Appellant: I'm on psych medication.
 {¶ 6} "Court: Is it any kind of medication that causes you to have any difficulty understanding what you are doing here today?
 {¶ 7} "Appellant: No, sir."
 {¶ 8} The court then continued with its plea colloquy and proceeded to accept appellant's guilty pleas to the single count of drug abuse in Case No. CR-490222 *Page 4 
and to having a weapon while under a disability in Case No. CR-493779.[1] Counsel for appellant then informed the court that a psychiatric evaluation had been prepared for the Cleveland Municipal Court two months prior on a case pending there against appellant. The court acknowledged that if counsel obtained a copy of the report, it could be made a part of the presentence report. Court was then adjourned.
 {¶ 9} On June 5, appellant appeared before the court for sentencing. During the sentencing hearing, counsel for appellant advised the court that appellant had been diagnosed as having a psychotic disorder. He requested that the court place appellant on probation, allow him to continue with treatment with anti-psychotic medication, and allow him to participate in the Mentally Disordered Offender ("MDO") Program in Cleveland.[2]
 {¶ 10} The court sentenced appellant to one year in prison for the drug abuse conviction and two years in prison for the having a weapon while under a disability conviction, to be served concurrently. Appellant timely appeals the court's acceptance of his guilty plea.
 Competency to Enter Plea *Page 5 {¶ 11} "I. The trial court erred when it accepted Mr. Lewis' guilty plea without first determining the extent of his psychiatric disorder and the effect it had on his ability to understand the consequences of his plea."
 {¶ 12} In his first assignment of error, appellant argues that the court was obligated to inquire further about his mental competency to plead guilty. He argues that once he alerted the court to the fact that he was taking anti-psychotic medication, the court was required to determine if he was capable of understanding the proceedings before him.
 {¶ 13} We note at the outset that appellant makes this argument for the first time on appeal. Our review of the record and transcript below does not show that appellant moved to withdraw his guilty plea in compliance with Crim. R. 32.1. See State v. Carmon (Nov. 18, 1999), Cuyahoga App. No. 75377. "A failure to assert an alleged error in the trial court waives that error on appeal. * * * Therefore, [a defendant's] failure to raise this argument in the court below ordinarily precludes us from reviewing this issue on appeal. * * *." (Internal citations omitted.) Id. Therefore, absent a showing of plain error, appellant has waived this argument.
 {¶ 14} We find that the court did not err in accepting appellant's guilty plea because the court complied with the requirements of Crim. R. 11(C).
 {¶ 15} Crim. R. 11(C)(2) requires, "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the *Page 6 
following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing; (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence; (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 16} The first time the trial court was made aware of appellant's use of prescribed anti-psychotic medication was at the plea hearing when appellant was being addressed by the court. A similar situation occurred in State v. Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, where the defendant challenged the court's acceptance of his guilty plea after the trial court became aware that he was taking prescribed medications. The Ohio Supreme Court addressed the issue of whether the trial court was required to inquire further about the medication appellant was taking at the time he entered a guilty plea. InKetterer, the Court stated, "[t]he fact that a defendant is taking antidepressant medication or prescribed psychotropic *Page 7 
drugs does not negate his competence * * *."[3] Id. at f71, citingState v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167,810 N.E.2d 927; State v. Mink, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064.
 {¶ 17} "Here, the trial court fully complied with the requirements to accept a guilty plea. See State v. Turner, 105 Ohio St.3d 331,2005-Ohio-1938, 826 N.E.2d 266, TJ33-34; State v. Ballard (1981),66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus; Crim. R. 11(C)(2)(c). We hold that the inquiry was adequate. Cf. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927
(aside from specific duties of the court delineated in Crim. R. 11(C), if counsel has informed a defendant of the statutory and constitutional rights that a guilty plea would forgo, the court need not); State v.Mink, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, TJ62-85." Id. at ¶ 6.
 {¶ 18} This court has addressed this same issue in State v.Roberson (Jan. 19, 1995), Cuyahoga App. No. 66523. In that case, where "[t]he defendant told the trial court that the medication he was taking did not `impair his ability to reason and make an informed decision, * * * the trial court was not required to make any further inquiry.' *Page 8 
There is no evidence of record that defendant was impaired in any way at the time that he entered his guilty plea. Nor does defendant even contend that his judgment was impaired by medication — he only claims the court should have pursued the matter further. This is not grounds for reversal." Roberson at page 3.
 {¶ 19} Appellant indicated to the court that he was on medication, but that it did not impair his ability to understand the proceedings. At no time did appellant or his counsel indicate that appellant's plea was not knowingly, intelligently, or voluntarily made. Appellant also does not make that argument on appeal, only that the court should have made a further inquiry into his mental state. As the cases in this district hold, the trial court has not committed reversible error where it has engaged, as it did here, in the proper Crim. R. 11(C) colloquy with appellant.
 {¶ 20} Finding no merit in appellant's argument, we overrule his first assignment of error.
 Effective Assistance of Counsel {¶ 21} "II. Mr. Lewis was denied his right to effective assistance of counsel by the failure to request an expert evaluation concerning the competency of Mr. Lewis prior to entering his guilty plea."
 {¶ 22} In his second assignment of error, appellant argues that he was denied his right to effective assistance of counsel because his attorney did not request a competency evaluation before allowing him to enter a guilty plea. He argues that the psychiatric report prepared in the municipal court case against him should have *Page 9 
been given to the court prior to his entering a guilty plea. We find no merit in this argument.
 {¶ 23} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.
 {¶ 24} The Ohio Supreme Court held in State v. Bradley (1989),42 Ohio St.3d 136, 141-142, 538 N.E.2d 373, that: "`When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle (1976),48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668. * * *
 {¶ 25} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if *Page 10 
professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf.United States v. Morrison, 449 U.S. 361, 364-365 (1981).'Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice.
 {¶ 26} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 27} Here, appellant does not argue that he was incompetent at the time he entered his guilty plea. As noted in our discussion of his first assignment of error, appellant merely argues that the trial court should have inquired further regarding his mental state. Neither appellant nor his counsel raised the issue of his competency at the time of the plea hearing. See Roberson, supra, (court denied claim of ineffective assistance of counsel based on attorney's failure to request competency hearing). It was only at the sentencing hearing that appellant's counsel first raised *Page 11 
with the court the nature of appellant's mental illness as it related to an appropriate sentence.
 {¶ 28} A review of the plea hearing transcript does not support a finding by this court that the trial court erred in not ordering a competency hearing. In fact, the opposite is true. The transcript indicates that both appellant and his attorney agreed that appellant understood the nature of the proceedings, that he had discussed his waiver of certain constitutional rights, and that the court complied with Crim. R. 11.
 {¶ 29} Appellant also argues that the court should have been made aware of the psychiatric report prepared two months before his plea hearing. There is nothing to indicate that the results of the plea hearing would have been different, since counsel for appellant was aware of the report and still chose not to raise the issue of competency.
 {¶ 30} Appellant has failed to demonstrate that his counsel's representation fell below the standard set forth in Strickland.
Therefore, we overrule appellant's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's
conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY.
[1] The state dismissed the remaining counts in Case No. CR-493779.
[2] Appellant had already been referred to the MDO (Mentally Disordered Offender) program by the Cleveland Municipal Court in a case against him pending there.
[3] With respect to an individual's competence to enter a guilty plea, this court has previously held, in State v. Haidong Tong (Mar. 10, 1994), Cuyahoga App. No. 64903, that the standard used to determine competency to stand trial would serve as the same standard to determine an individual's competence to enter a guilty plea. The United States Supreme Court, in Dusky v. United States (1960), 362 U.S. 402,80 S.Ct. 788, 4 L.Ed.2d 824, set forth the test to resolve whether a defendant is competent to stand trial. It stated that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Id. at 402. *Page 1